IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Thomas Bragg, | : | |
| Petitioner | : | Civil Action 2:12-cv-1149 |
| v. | : | Judge Watson |
| Warden, London Correctional Institution, | : | Magistrate Judge Abel |
| | : | |
| Respondent | | |
| | : | |

## Report and Recommendation

Petitioner Thomas Bragg, a prisoner at the London Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2254.  This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

The petition alleges that on January 20, 2009, petitioner Bragg was convicted of one count of attempted murder in the Court of Common Pleas for Lucas County, Ohio. He was sentenced to a term of nine years in prison.

Lucas County is within Ohio's northern federal judicial district.  Because petitioner challenges the conviction of a state court within the Northern District of Ohio but is in custody in the Southern District of Ohio, both districts have concurrent jurisdiction over the action.  28 U.S.C. §2241(d).

This Court has the discretion to transfer this action to the Northern District for hearing and determination.  *Id*.  A transfer to the Northern District is appropriate in this case because it is the more convenient forum and the evidence is more readily accessible in the district where petitioner was convicted  *See, Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982), *cert. denied*, 464 U.S. 843 (1983); *see also, Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497 n.13 (1973).

Accordingly, the Magistrate Judge RECOMMENDS that this action be TRANSFERRED o the United States District Court for the Northern District of Ohio at Toledo.

The Clerk of Court is DIRECTED to mail or email a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 E. Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v.*

*Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge
